UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>PETITIONER, )<br>)<br>V. )<br>)<br>SENTARA HEALTHCARE, )<br>HOWARD KERN, )<br>MICHAEL DUDLEY, AND )<br>JAMES JUILLERAT, )<br>)<br>RESPONDENTS. )<br>) | Misc. Action No. 3:23-mc-00007-EDK |

**MEMORANDUM IN SUPPORT OF RESPONDENTS' MOTION TO EXTEND THE SEAL TO COVER PETITIONER'S PETITION FOR ORDER TO SHOW CAUSE AND FOR SUMMARY ENFORCEMENT OF CIVIL INVESTIGATIVE DEMAND NOS. 21-337, 22-1024, 22-1026, 23-1221**

Respondents Sentara Health (formerly Sentara Healthcare), Howard Kern, Michael Dudley, and James Juillerat (collectively, "Respondents") respectfully agree with this Court and Petitioner that the exhibits attached to the Petitioner's Petition for Order to Show Cause and for Summary Enforcement of Civil Investigative Demand ("CID") Nos. 21-337, 22-1024, 22-1026, 23-1221 (ECF No. 1) (the "Petition") should be sealed.[1] However, Respondents lament that the United States unilaterally undermined the full effect of any such sealing by publicly filing the Petition which included some of the very same information that the United States

---

[1] The Government filed its Motion to Seal the Exhibits to the Petition on November 13, 2023. ECF No. 2. The Court granted the Government's Motion to Seal on November 16, 2023 before Respondents were able to file a response to the Government's Motion. ECF No. 3. The Government's Motion to Seal requested that the Exhibits be sealed "until such time as the Respondents note their position on the issue." Motion to Seal at 3. Respondents respectfully submit that their Motion to Seal the Petition and this Memorandum in Support of the same provide Respondents' position and note that the Exhibits, as well as the Petition itself, should be sealed permanently for the reasons stated herein.

simultaneously—and correctly—maintained should be protected by a seal. Viewing this public disclosure in the context of the Petition's entirety, one could conclude this seemingly inconsistent act is, at the very least, strategic. Although much of the damage is already done as a result of the United States' decision, Respondents nevertheless maintain that this Court should not only preserve the seal on the exhibits, but also extend that seal to the United States' Petition to prevent further harm.

## ARGUMENT

The Petition publicizes information developed during a confidential investigation by the United States Department of Justice, Commercial Litigation Branch, and the United States Attorney's Office for the Western District of Virginia (collectively, the "Government"), including: (1) allegations of potential misconduct by Respondents (the denial of which the Government omitted); (2) the contents of sealed sworn witness testimony; (3) the identities of those testifying witnesses; (4) a partial account of Respondents' document collection and production to date; and (5) the names of individual document custodians and the volume of their respective productions. The disclosure of this protected material in the Petition is inappropriate given that the information was collected in connection with a confidential Government investigation, implicates information covered by settlement discussions, and harms Respondents by making conclusory allegations of wrongdoing in a public forum, prior to the Government making a decision about whether or not Respondents have engaged in any wrongdoing whatsoever. To minimize the damage caused by the Government's filing, the Petition itself, in addition to its exhibits, should be sealed.

"It is uncontested . . . that the right to inspect and copy judicial records is not absolute." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). Court records may be sealed when a party's interest in keeping information confidential outweighs the public's right to access. *See,*

*e.g.*, *In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984); *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000). A district court can seal court documents where it has "(1) provided public notice of the request to seal and allow[ed] interested parties a reasonable opportunity to object, (2) consider[ed] less drastic alternatives to sealing the documents, and (3) provide[ed] specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Ashcraft*, 218 F.3d at 302. Factors that weigh in favor of sealing court documents include "(1) where disclosure may be used to gratify private spite or promote public scandal, (2) where disclosed records may serve as reservoirs of libelous statements for press consumption, or (3) where disclosure might reveal trade secrets[.]" *Under Seal v. Under Seal*, 326 F.3d 479, 485-86 (4th Cir. 2003) (citing *Nixon*, 435 U.S. at 589).

### I. Public Notice Has Been Provided

The entry of this Motion and the accompanying Notice of Motion to Seal will provide sufficient notice to the parties and the public of the Court's consideration of extending the Court's seal to the Petition. *See In re Knight Publ'g Co.*, 743 F.2d at 235 ("docketing [a request to seal] reasonably in advance of deciding the issue is appropriate" notice).

### II. The Petition Should Be Sealed Because It Discloses Information Developed During a Confidential Department of Justice Investigation

The Petition seeks to enforce compliance with certain CIDs pursuant to an "ongoing [False Claims Act] investigation" (ECF No. 1 at 1). The factual support in the Petition was developed over the course of the Government's multi-year, confidential investigation (*see* ECF No. 1 at 7). One decision made by the Government is particularly egregious. The Petition specifically cites to and includes verbatim transcript excerpts from ***sealed*** sworn witness testimony taken pursuant to Civil Investigative Demand No. 22-1026, which was also attached as an exhibit (*see, e.g.*, ECF No. 1 at 10-11 (*citing* Exhibit O)) that the Government separately argued necessitated sealing (*see*

3

ECF No. 2, Petitioner's Motion to File Exhibits Under Seal at 2). It should be pointed out that Exhibit O, on its face, claims to be a sealed document. Attorneys representing the Government and signatories to this Petition were present and identified by name when this testimony was solicited, and the examining attorney expressly indicated to the witness that the testimony was being taken under seal. *See, e.g.*, Exhibit O (Michael Dudley Testimony Excerpts at 1–2 (listing the appearances on behalf of the U.S. Attorney's Office, Justin Lugar, Laura Taylor, Carrie Hammer, and Michael Hoffman). The Government repeats this contradictory and problematic approach numerous times. For instance, the Petition describes information adduced from **sealed** sworn witness testimony (*see, e.g.*, ECF No. 1 at 9-10). Likewise, the descriptions of the information sought under the CIDs at issue are premised on the Government's analysis of **sealed** sworn testimony and previously produced confidential documents (*see* ECF No. 1, Exhibit L). In addition, the substantive and detailed discussion of Respondents' document collection process (including names of individual custodians) provides information about the Government and Respondents' strategies and approaches to this ongoing, confidential investigation.

The damaging implications of disclosing information elicited during sealed testimony, the descriptions of the information produced pursuant to the CIDs at issue, and the ongoing nature of the Government's investigation weigh strongly in favor of sealing the Petition. *See United States ex rel. Denomme v. Powell*, No. CV 00-0768-CB-C, 2001 WL 37124485, at *2 (S.D. Ala. Oct. 31, 2001) (sealing previously filed documents that disclosed, to some extent, the government's strategy and thought processes concerning a False Claims Act investigation, and summarized the investigative information provided to the government).

Respondent Sentara is troubled by the fact that the Government is using sealed information as both a shield and sword. Until now, the Government has consistently taken the position that

ECF No. 2, Petitioner's Motion to File Exhibits Under Seal at 2). It should be pointed out that Exhibit O, on its face, claims to be a sealed document. Attorneys representing the Government and signatories to this Petition were present and identified by name when this testimony was solicited, and the examining attorney expressly indicated to the witness that the testimony was being taken under seal. *See, e.g.*, Exhibit O (Michael Dudley Testimony Excerpts at 1–2 (listing the appearances on behalf of the U.S. Attorney's Office, Justin Lugar, Laura Taylor, Carrie Hammer, and Michael Hoffman). The Government repeats this contradictory and problematic approach numerous times. For instance, the Petition describes information adduced from **sealed** sworn witness testimony (*see, e.g.*, ECF No. 1 at 9-10). Likewise, the descriptions of the information sought under the CIDs at issue are premised on the Government's analysis of **sealed** sworn testimony and previously produced confidential documents (*see* ECF No. 1, Exhibit L). In addition, the substantive and detailed discussion of Respondents' document collection process (including names of individual custodians) provides information about the Government and Respondents' strategies and approaches to this ongoing, confidential investigation.

The damaging implications of disclosing information elicited during sealed testimony, the descriptions of the information produced pursuant to the CIDs at issue, and the ongoing nature of the Government's investigation weigh strongly in favor of sealing the Petition. *See United States ex rel. Denomme v. Powell*, No. CV 00-0768-CB-C, 2001 WL 37124485, at *2 (S.D. Ala. Oct. 31, 2001) (sealing previously filed documents that disclosed, to some extent, the government's strategy and thought processes concerning a False Claims Act investigation, and summarized the investigative information provided to the government).

Respondent Sentara is troubled by the fact that the Government is using sealed information as both a shield and sword. Until now, the Government has consistently taken the position that

the sworn testimony given pursuant to the CIDs in this matter is both confidential and sealed; yet, now includes it in a public filing for the entire world to see. In fact, after the first of such testimonies, the Government refused to provide a copy of the transcript of such testimony to the witness, contending that it was too sensitive to even be given to the witness himself. This is despite the fact that the statute specifically entitles the witness to a copy of the transcript, unless a high-ranking official of the Department of Justice decides that good cause exists to deny it. *See* 31 U.S.C. § 3773(h)(6). Although the Government did not produce any such decision by a duly authorized official, the Government refused to provide a copy of the transcript to the witness unless the attorneys for the witness agreed to maintain the confidential nature of the transcript until the Government made a decision concerning whether to initiate a False Claims Act case. In particular, the Government required counsel to agree to not provide a copy of the transcripts to any other witnesses or potential witnesses. Now, however, the Government has unilaterally made the decision to disclose the testimony not only to the very individuals it is seeking to take further testimony from (Mr. Kern, Mr. Juillerat, and Mr. Dudley), but also to the general public and the press.

The Government's self-contradictory approach here also harms Respondents by alerting the public and the press to damaging allegations that the Government maintains it has not yet fully investigated. *See*, *e.g.*, ECF No. 1 at 1-2, 5-6. The Government failed to mention Sentara's rebuttal of these allegations, although it has known the details of Sentara's rebuttal since at least June of this year. The Petition's conclusory allegations—which the Government claims it is still investigating—threaten the individual Respondents' personal interests, and Sentara's business interests by creating the indicia of wrongdoing, even where the Government maintains it may ultimately decide there has been no wrongdoing. These allegations may be used to "gratify private

5

spite or promote public scandal" or "serve as reservoirs of libelous statements for press consumption," all factors that strongly weigh in favor of sealing. *Under Seal*, 326 F.3d at 485-86.

The Petition also includes, as the Government admits, information provided pursuant to, and discussions covered by, Rule 408 of the Federal Rules of Evidence. *See* ECF No. 1 at 12 (*citing* Exhibit G); *see* Petitioner's Motion to File Exhibits Under Seal and Memorandum of Law in Support at 2. Respondents also requested confidential treatment of the documents produced in response to past CIDs because those documents contained sensitive business information. *See* Petitioner's Motion, at 2-3. Information from these produced documents appears in the Petition, and should be protected from public consumption by sealing. *Under Seal,* 326 F.3d at 485-86 (holding that seals should be used to preserve proprietary information).

Finally, in an analogous case discussing the reasons for keeping documents under seal in *qui tam* cases, the Fourth Circuit articulated several interests the seal protects including "to permit the United States to investigate the allegations" ***and*** "to protect the reputation of a defendant in that the defendant is named in a fraud action brought in the name of the United States, but the United States has not yet decided whether to intervene," among other reasons. *See Am. C.L. Union v. Holder*, 673 F.3d 245, 250 (4th Cir. 2011); *see also Douglas Oil Co. v. Petrol Stops. N.W.*, 441 U.S. 211, 219 (1979) (reversing the Ninth Circuit's order to disclose grand jury transcripts reasoning that secrecy prevents the unnecessary exposure of those who may be the subject of an investigation, but are later exonerated). Congress included the False Claims Act's seal provisions to protect the government and the named defendant alike, specifically acknowledging that the seal permitted the United States time to determine whether the allegations merited intervention, but also protected the reputation of a defendant while the Government investigated the allegations in a complaint. *See also United States ex rel. Pilon v. Martin Marietta Corp.,* 60 F.3d 995, 998-99

(2d Cir. 1995) (noting that the seal is designed, among other things, to protect a defendant's reputation and to enhance cooperation between a defendant and the government). Those same considerations strongly weigh in favor of sealing the materials requested here. Until the Government decides to commence an False Claims Act action, Respondents have not been accused of any wrongdoing and should not be harmed by allegations made during an ongoing investigation, which can damage Respondents' personal and business interests.[2] Sealing the exhibits and the petition would also preserve the sanctity of the Government's ongoing investigation. *In re § 2703(d) Order*, 787 F. Supp. 430, 442 (E.D. Va. 2011) ("[L]aw enforcement agencies must be able to investigate crime without the details of the investigation being released to the public in a manner that compromises the investigation.").

The Government was correct in its initial efforts to seal the exhibits attached to its Petition. However, the Government should have also moved to seal the Petition itself as it makes unproven and unfounded allegations and cites to and even includes much of the same information contained in the exhibits. The Government may have let the cat out of the bag, but it still makes sense to put the cat back in before more damage is done. *See* ECF No. 1 at 10-11 (*citing* Petitioner's Exhibit O). In short, sealing the exhibits without sealing the Petition defeats the purpose of sealing the exhibits themselves.

### III. There Are No Less Drastic Alternatives

There are no less drastic alternatives to sealing the Petition that would protect the information divulged from the Government's confidential investigation, Respondents' privacy interests, as well as the sanctity of the Government's ongoing investigation. Proposing redactions

---

[2] As a result of the Government's public filing, this has already happened on multiple occasions with the press covering the Government's one-sided explanation of its case (citations purposefully omitted) without the benefit of Sentara's legally and factually compelling rebuttal.

7

would be inappropriate in this instance because the Petition draws exclusively on information developed during the Government's confidential, on-going investigation.

## CONCLUSION

For the reasons explained above, Respondents respectfully request that the Petition be placed under seal until further order of the Court.

Dated: November 21, 2023

Respectfully Submitted,

*/s/ Lyndsay A. Gorton*
Lyndsay A. Gorton, VA Bar No. 80409
Preston L. Pugh (*pro hoc vice* forthcoming)
Troy Barsky (*pro hoc vice* forthcoming)
CROWELL & MORING LLP
1001 Pennsylvania Ave., NW
Washington, DC 20004
Telephone: (202) 624-2500
Facsimile: (202) 628-5116
LGorton@crowell.com
PPugh@crowell.com
TBarsky@crowell.com

Robert J. Higdon, Jr. (*pro hoc vice* forthcoming)
G. Norman Acker III (*pro hoc vice* forthcoming)
J.D. Koesters (*pro hoc vice* forthcoming)
K&L GATES LLP
430 Davis Drive
Morrisville, NC 27560
Telephone: (919) 446-1190
Facsimile: (919) 831-7040
Bobby.Higdon@klgates.com
Norman.Acker@klgates.com
J.D.Koesters@klgates.com

*Counsel for Respondents Sentara Health, Howard Kern, Michael Dudley, and James Juillerat*

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21st day of November 2023, a copy of the foregoing was served *via* the Court's Electronic Case Filing System on all parties requesting notice thereby and/or on the following counsel for the parties by electronic mail:

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
U.S. Department of Justice - Civil Division
950 Pennsylvania Avenue, NW
Washington, DC 20530

JUSTIN LUGAR (VA Bar No. 77007)
LAURA DAY TAYLOR (VA Bar No. 94021)
Assistant United States Attorneys
United States Attorney's Office
Western District of Virginia
P.O. Box 1709
Roanoke, VA 24011
Tel: 540-278-1471
Email: Justin.Lugar@usdoj.gov

JAMIE ANN YAVELBERG
DAVID B. WISEMAN
MICHAEL A. HOFFMAN
CAROLINE HAMMER
Attorneys, Civil Division
U.S. Department of Justice
P.O. Box 261, Ben Franklin Station
Washington, DC 20044
Tel: 202-353-1271

*/s/ Lyndsay A. Gorton*
Lyndsay A. Gorton, VA Bar No. 80409
CROWELL & MORING LLP
1001 Pennsylvania Ave., NW
Washington, DC 20004
Telephone: (202) 624-2500
Facsimile: (202) 628-5116
LGorton@crowell.com

*Counsel for Respondents*
*Sentara Healthcare, Howard Kern, Michael Dudley, and James Juillerat*